UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT MARTIN,<br><br>                Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                Defendant. | Case No. 3:13-cv-05787<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that, for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On August 20, 2010, plaintiff filed an application for disability insurance benefits, alleging disability as of July 21, 2004, due to a left knee replacement, bilateral shoulder arthritis, bilateral carpel tunnel syndrome, right knee pain, and a back injury. See Administrative Record ("AR") 179-98, 211. The application was denied upon initial administrative review and on reconsideration. See AR 91-94, 102-06. A hearing was held before an administrative law judge

ORDER - 1

("ALJ") on March 22, 2013, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert Rachel Steilberg. See AR 29-60.

On June 4, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 8-28.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 26, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On September 11, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #3.  The administrative record was filed with the Court on January 10, 2014. See Dkt. #16.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings, because the ALJ erred: (1) in assessing plaintiff's residual functional capacity; (2) in discounting plaintiff's credibility; (3) in rejecting the lay witness evidence in the record; and (4) in assessing plaintiff's severe impairments. For the reasons set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision should be affirmed. Although plaintiff requests oral argument, the Court finds such argument to be unnecessary here.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan,

ORDER - 2

772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") [SSR] 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ determined as follows:

> I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift 20 pounds occasionally, 10 pounds frequently, stand or walk for 2 hours in an 8-hour workday, and sit for 6 hours in an 8 hour workday. He can frequently push/pull with his lower extremities but cannot kneel or crawl. The claimant can occasionally climb ramps or stairs and occasionally climb ladders, ropes, and scaffolds. He can occasionally stoop or crouch and must avoid concentrated exposure to vibration and hazards. The claimant would also need the opportunity to change positions and stretch at will.

ORDER - 4

AR 15.  Plaintiff argues the ALJ committed legal error in making this RFC determination and argues that it is not supported by substantial evidence in the record.  See Dkt. #20, p. 6-11.  This Court disagrees.

Plaintiff first argues the ALJ erred by determining plaintiff capable of light work, but limiting his standing and walking to two hours in an eight hour day.  Dkt. #20, pp. 11-12.  While a full range light work requires approximately six hours of standing or walking in an eight hour work day, the ALJ did not find plaintiff capable of a full range of light work.  20 C.F.R. 404.1567(b); see also Social Security Ruling ("SSR") 83-10.  The ALJ found plaintiff capable of less than a full range of light work, finding him capable of lifting as the light exertional level but limited to standing and walking for less than is required for a full range of light work.  AR 15. Plaintiff's argument, if accepted, would imply that ALJs are required to strictly adhere to the exertional definitions in determining plaintiff's RFC, which is illogical.  This would make for less precise RFC determinations and ignore the common situation where plaintiff's functional ability may fall between two exertional categories.  In determining plaintiff's RFC, the ALJ was required to make a function-by-function analysis in assessing plaintiff's RFC, which he did.  SSR 96-8p, 1996 SSR LEXIS 5; AR 15. Thus, the ALJ did not err by making an RFC finding of less than a full range of light work.

Plaintiff also argues the ALJ erred by giving significant weight to the opinion of Dr. Hoskins, and not including Dr. Hoskins limitations into the RFC finding.  Dkt. #20, p. 7.  Dr. Hoskins, a state non-examining physician, opined that plaintiff would be limited to sedentary work; however, he specified that plaintiff would be limited to lifting twenty pounds occasionally and ten pounds frequently, limited to standing and walking for two hours total in an eight hour workday, and sitting for six hours total in an eight hour work day.  AR 82, 85.  Therefore, while

ORDER - 5

Dr. Hoskins labeled these limitations as indicative of sedentary work, the function-by-function limitations opined by Dr. Hoskins were the same as those in the ALJ's RFC finding.  Thus, the ALJ properly incorporated Dr. Hoskins's opinion into the RFC finding.

Plaintiff further argues that the ALJ erred by finding plaintiff capable of performing jobs classified as light work by the Dictionary of Occupational Titles at step five of the sequential evaluation when the RFC finding was for less than a full range of light work.  Dkt. #20, pp. 7-8.  The ALJ's step five determination was supported by testimony from a vocational expert who opined that someone with plaintiff's RFC could perform the light exertional jobs of Office Helper and Information Clerk.  AR 49-57.  Further, the ALJ found plaintiff capable of performing a job at the sedentary exertional level in addition to the two jobs at the light exertional level. Therefore, even if the ALJ had found plaintiff capable of performing only sedentary work, plaintiff would still be found not disabled at step five.  Therefore, any potential error would be not change the disability determination, and would be harmless.  Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

Plaintiff also argues the ALJ erred in failing to articulate what weight was given to the opinion of Dr. Regets.  Dkt. #20, p. 10-11.  While the ALJ did not specifically state that he was giving little weight to the opinion of Dr. Regets, it can be reasonably inferred from his discussion of that opinion that he was discrediting it because it was rendered more than two years after plaintiff's date last insured.  AR 19.  The ALJ need not recite "magic words" in his decision, as "it serves no purpose to require every step of each decisional process to be enunciated with precise words and phrases drawn from relevant disability regulations." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989); Renner v. Heckler, 786 F.2d 1421, 1424 (9th Cir. 1986).  The ALJ did not err in his analysis of Dr. Regets's opinion.

ORDER - 6

The remainder of plaintiff's arguments amount to a request for the Court to reweigh the evidence in the record.  Dkt. #20, pp. 8-11.  It is not the job of the court to reweigh the evidence. If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d. 595, 599, 601 (9th Cir. 1999)).  Here, the ALJ thoroughly discussed the evidence in the record and his findings were supported by substantial evidence.  AR 16-19. The ALJ did not err in making her RFC finding.

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580.  In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.  The evidence as a

ORDER - 7

whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

The ALJ found plaintiff's testimony to lack credibility because it was inconsistent with the objective evidence. AR 16-19. A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. Regennitter v. Commissioner of SSA, 166 F.3d 1294, 1297 (9th Cir. 1998). However, a claimant's pain testimony may not be rejected "solely because the degree of pain alleged is not supported by objective medical evidence." Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc)) (emphasis added); see also Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir.2001); Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. See Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir. 1995) (finding that while holding in Bunnell was couched in terms of subjective complaints of pain, its reasoning extended to claimant's non-pain complaints as well). Here, the ALJ gave other valid reasons to discredit plaintiff's testimony.

The ALJ pointed to multiple inconsistent statements made by plaintiff, specifically regarding his ability to sit, bend, and perform self care activities. AR 19. In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Plaintiff's prior inconsistent statements were a valid reason to discredit plaintiff's credibility.

The ALJ also noted plaintiff's lack of compliance with treatment recommendations as a reason to discredit plaintiff's testimony. AR 18. Failure to assert a good reason for not seeking,

ORDER - 8

or following a prescribed course of, treatment, or a finding that a proffered reason is not believable, "can cast doubt on the sincerity of the claimant's pain testimony." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  The ALJ provided legally sufficient reasons to discredit plaintiff's credibility.

III.   The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).  In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Id. at 512.  The ALJ also may "draw inferences logically flowing from the evidence." Sample, 694 F.2d at 642.

The ALJ gave little weight to the lay witness statement from plaintiff's wife, Brandy Venable, finding it inconsistent with the preponderance of the objective evidence.  AR 21.  Plaintiff argues this is not a proper reason to discredit the lay evidence.  Dkt. #20, p. 14.  Whether or not the ALJ erred in evaluating this opinion, the error would be harmless.  If the ALJ has provided proper reasons to discount the lay testimony in another aspect of the written decision, such as within the discussion of plaintiff's credibility, the lay testimony may be considered discounted properly even if the ALJ fails to link explicitly the proper reasons to discount the lay testimony to the lay testimony itself. See Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012) (quoting Lewis, supra, 236 F.3d at 512). The Court will not reverse a decision by an ALJ in which the errors are harmless and do not affect the ultimate decision regarding

ORDER - 9

disability. See Molina, supra, 674 F.3d at 1117-22; see also 28 U.S.C. § 2111; Shinsheki v. Sanders, 556 U.S. 396, 407 (2009). Neither plaintiff nor defendant contest that Ms. Venable's testimony was similar to that of plaintiff. As already discussed, the ALJ properly discrediting plaintiff's testimony, therefore, the ALJ properly discredited the similar lay witness testimony of Ms. Venable.

VI.   The ALJ's Step Two Determination

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998). The step

two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen, 80 F.3d at 1290.

Plaintiff argues the ALJ erred in failing to find plaintiff's obesity and pain disorder to be severe impairments at step two. Dkt. #20, pp. 15-17. However, the ALJ's step two finding was supported by substantial evidence.

In regards to plaintiff's obesity, the ALJ did discuss this condition at step two and found it to be non-severe. AR 13. Social Security Ruling ("SSR") 02-1p requires the administration "to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process." 2002 SSR LEXIS 1 at *2-*3 (2002). Here, the ALJ considered plaintiff's obesity and found it non-severe because there was no evidence to support a finding that obesity contributed to the severity of plaintiff's impairments. AR 13. Plaintiff points to no evidence, other than conjecture, to support a finding that plaintiff's obesity would result in more severe limitations than those already found by the ALJ.

In regards to plaintiff's pain disorder, plaintiff points to only two records showing a diagnosis of pain disorder, both of which are dated over a year after plaintiff's date last insured. AR 1138, 1215; Dkt. #20, p. 16. Plaintiff points to no evidence to support a finding that this impairment existed prior to plaintiff's date last insured, or that this impairment would result in limitations not already accounted for in the RFC finding.

Plaintiff has the burden of establishing the asserted error resulted in actual harm. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)). The Ninth Circuit noted that "in each case we look at the record as a whole to

ORDER - 11

determine [if] the error alters the outcome of the case." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (quoting Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Plaintiff provided no evidence to support a conclusion that had the ALJ found these impairments to be severe, the RFC finding or ultimate disability determination would change. As such, even if the ALJ had erred at step two, it would be harmless.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 11th day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 12